# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| United States of America, ) | Criminal Action No. 3:14-cr-00606-JMC |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| Eric Maurice Pinckney, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

This matter is before the court on *pro se* Defendant Eric Maurice Pinckney's ("Defendant") letter to the court, which appears to seek relief pursuant to 28 U.S.C. § 2255. (ECF No. 218.) For the reasons set forth below, the court directs Defendant to give notice of his intention of filing his letter as a § 2255 motion or his intention to amend or withdraw his motion.

## I. Factual and Procedural History

On August 20, 2014, Defendant was indicted by a grand jury of (1) conspiring to defraud the United States, (2) three counts of filing false tax returns in violation of 26 U.S.C. § 7206(1), (3) and four counts of assisting in the preparation of false tax returns. (ECF No. 67.) On December 2, 2016, Defendant was sentenced to 6 months' imprisonment followed by a term of supervised release of 3 years with standard and special conditions to include placement on a Radio Frequency Location Monitor System with home dentition for a term of 6 months. (ECF No. 199.) Additionally, the court determined that Defendant owed restitution in the amount of $334,738.02. (*Id.*)

On March 24, 2017, Defendant filed this instant letter, which could be understood as essentially seeking to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (ECF No. 218.) In his letter, Defendant contends that prosecutor DeWayne Pearson ("the Prosecutor")

1

did not follow the Federal Rules of Criminal Procedure. Specifically, Defendant asserts that the Prosecutor violated Rules 3, 6(b)(1), 6(c), 6(c)(3) and 6(f) as well as Defendant's Fourth, Fifth, and Sixth Amendment rights. (*Id.*) Therefore, Defendant argues that these violations void both his indictment and plea bargain.

## **Legal Standard**

A prisoner in federal custody under sentence of a federal court may petition the court that imposed the sentence to vacate, set aside, or correct the sentence. *See* 28 U.S.C. § 2255. The prisoner may be entitled to relief upon a showing: that the sentence was imposed in violation of the constitution or laws of the United States, that the court was without jurisdiction to impose such sentence, that the sentence was in excess of the maximum authorized by law, and that the sentence is otherwise subject to collateral attack. *Id.* However, § 2255 motions that allege violations of federal law are generally cognizable only if they involve a "fundamental defect which results in a complete miscarriage of justice." *Davis v. United States*, 417 U.S. 333, 346 (1974). A petitioner collaterally attacking his conviction pursuant to § 2255 bears the burden of proving his grounds for collateral attack by a preponderance of evidence. *White v. United States*, 352 F. Supp. 2d 684, 686 (E.D. Va. 2004) (citing *Miller v. United States,* 261 F.2d 546 (4th Cir. 1958)). In ruling on a § 2255 motion, the court may dismiss the motion without a hearing when it conclusively shows from the attached exhibits and the record of prior proceedings that the moving party is not entitled to relief. 28 U.S.C. § 2255(b) (noting that a hearing is not required on a § 2255 motion if the record of the case conclusively shows that petitioner is entitled to no relief).

## II. Analysis

First, the court observes that Defendant did not conclusively characterize his letter to the court as a § 2255 motion. (*See* ECF No. 218.)[1] However, to avoid overly stringent application of labeling requirements, federal courts will occasionally "ignore the legal label that a *pro se* litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category." *Castro v. United States*, 540 U.S. 375, 381 (2003). But a district court may not recharacterize a pro se litigant's motion as a first § 2255 motion, unless the court "notif[ies] the *pro se* litigant that it intends to recharacterize the pleading, warn[s] the litigant that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on 'second or successive' motions, and provide[s] the litigant an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has." *Id.* at 383. "If the court fails to do so, the motion cannot be considered to have become a § 2255 motion for purposes of applying to later motions the law's 'second or successive' restrictions." *Id.*

It is important for Defendant to give clear notice of his intention to file the instant motion as a § 2255 motion because, Defendant may only make one § 2255 motion before a district court. All successive § 2255 motions must be certified by the relevant United States Court of Appeals which, in this case, is the Fourth Circuit. Additionally, § 2255(f) imposes a one-year period of limitation to file a § 2255 motion.[2] In the instant case, the relevant date for determining the

---

[1] The court notes that Defendant did not expressly label his letter as a § 2255 motion, but stated that his letter may "initiate a reaction for" the court "to vacate the judgement that was filed against me." (ECF No. 218 at 4.)

[2] Specifically, the limitation period runs from the latest of:
    **(1)** the date on which the judgment of conviction becomes final;
    **(2)** the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United

limitation period would be either "the date on which the judgment of conviction becomes final" or "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C § 2255(f)(1), (3). Here, Defendant's motion is not barred by the one-year statute of limitations since Defendant was convicted on December 2, 2016 (ECF No. 199) and filed the instant motion (ECF No. 218) on March 24, 2017.

## Conclusion

For the foregoing reasons, the court directs Defendant to give notice of his intention of filing his letter as a § 2255 motion or his intention to amend or withdraw his motion. Additionally, the court directs the clerk of court to send Defendant the applicable forms for filing a § 2255 motion.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

June 6, 2017
Columbia, South Carolina

---

States is removed, if the movant was prevented from making a motion by such governmental action;
**(3)** the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
**(4)** the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f).